# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1983V
Filed:  December 15, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \*   \*
AMANDA KIRBY *on Behalf of C.K.*,       \*
                                        \*      Special Master Roth
             Petitioner,                \*
                                        \*
v.                                      \*
                                        \*      Dismissal; Human Papillomavirus ("HPV")
SECRETARY OF HEALTH                     \*      Vaccine;  Henoch-Schonlein  purpura
AND HUMAN SERVICES,                     \*      ("HSP")
                                        \*
             Respondent.                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

*Amy Senerth, Esq.,* Muller Brazil, LLP, Dresher PA, for petitioner.
*Zoe Wade, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On December 30, 2019, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a Human Papillomavirus ("HPV") vaccine caused C.K. to develop Henoch-Schonlein purpura ("HSP"). The information in the record, however, is not sufficient to show entitlement to an award under the Program. On December 14, 2021, petitioner filed a Motion for Dismissal Decision requesting that her case be dismissed. ECF No. 37.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Additionally, petitioner must also satisfy what has been deemed the "severity requirement." *See* §§ 11(c)(1)(B)-(D). To satisfy the severity requirement where the alleged injury is not death, petitioner can demonstrate that she suffered the residual effects of the alleged injury for more than six months after the administration of the vaccine or that she suffered from an alleged injury which resulted in inpatient hospitalization and surgical intervention. *See* § 11(c)(1)(D)(i).

The medical records and other evidence filed in this matter failed to satisfy petitioner's burden to show that C.K. suffered residual effects of HSP for more than six months after the HPV vaccination, or that the alleged HSP required both inpatient hospitalization and surgical intervention. Therefore, petitioner is ineligible to receive compensation in the Vaccine Program.

**Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master